## LEONA HARRIS CARTER, RESPONDENT, v. BOROUGH OF ALLENHURST, APPELLANT.

Submitted March 25, 1924—Decided May 19, 1924.

1. The borough of A. owned and operated a swimming pool, with bath houses annexed, which were rented to patrons.  Included in the services rendered was the checking of the valuables of patrons when bathing.  L. H. C., whose father had rented for her the use of a bath house, claimed to have delivered to the employe in charge of the safe keeping of valuables on Sunday, July 30th,

1922, certain jewelry, before bathing. After her bath she asked for it and did not receive it. The employe denied L. H C. had delivered the jewelry. In an action to recover the value of the jewelry—*Held,* that the question of delivery *vel non* and the question of whether the borough had used ordinary care in safe-guarding the jewelry were questions of fact for the determination of the jury, and that motions made on behalf of the defendant to nonsuit and direct a verdict were properly denied by the trial court.

2. The leaving of jewelry with an employe in charge of checking valuables, in a bathing establishment, by a bather from whom a bath house has been hired, constitutes a bailment. The relation between the parties is that of bailor and bailee, and the duty of the bailee is to use ordinary care in safe-guarding the jewelry.

3. The fact that for four years no loss of any valuables left by bathers with the bathing establishment has occurred is not evidence of the exercise of ordinary care in an action instituted by a bather for the recovery of valuables deposited and not returned.

4. Where jewelry deposited by a bather with a bathing establishment for safe-keeping has not been returned, it is no defense to an action to recover the value thereof that the deposit was made on a Sunday.

On appeal from the Supreme Court.

For the appellant, *Richard W. Stout.*

For the respondent, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court entered upon a verdict rendered at a trial at the Monmouth Circuit. The plaintiff, Leona Harris Carter, instituted an action against the borough of Allenhurst to recover the value of jewelry left with the defendant by the plaintiff for safe-keeping. The defendant, a municipal corporation, located on the shore of the Atlantic ocean, owned and operated a swimming pool. Connected with the pool there were bath houses which the borough rented to patrons of the pool. The plaintiff, a young woman, and her parents, were guests during the summer of 1922 at the Allenhurst Hotel. Through the hotel management two bath houses at the

pool were hired by Mr. Harris, the father of the plaintiff, from July 15th to August 15th. One was used by his wife and daughter, the plaintiff; the other by himself and son. As is customary in such bathing establishments, bathers left at the office with a caretaker their money and valuables while bathing. This is a part of the services rendered to those hiring the bath houses. The method adopted was for the employe having charge of this department to hand to the bather an envelope into which the bather placed his (or her) valuables, and then sealed the envelope and wrote his (or her) name across the back. This envelope was then placed in a drawer in the office. After bathing the bather went to the employe in charge of the valuables and received the envelope. On Sunday, July 30th, 1922, Miss Carter, upon arriving at the pool, procured the key of the bath house she was using, dressed in her bathing suit, then left the bath house with her jewelry in her hand, and went to the office where an envelope was handed her, and she then did the several things which have been heretofore stated, as those which were customarily done. Miss Carter bathed in the ocean for, approximately, two hours. After dressing she went to the employe in charge of the safe-keeping of the bathers' valuables and asked for the envelope containing her jewelry. It could not be found. It never was found. The present action was the outcome of the occurrence. At the trial the foregoing facts were testified to by the plaintiff and her parents. A motion to nonsuit on grounds which will be considered later was made and denied. An exception was taken. The defendant's evidence consisted of the testimony of the manager of the establishment, Mr. Kittel, and two women employes, Mrs. Walton and Miss Johnson. Their testimony was directed to the method used in checking valuables. It did not vary materially from the plaintiff's testimony in this respect. They also testified that no losses, excepting the loss claimed to have been suffered by the plaintiff, had occurred during four years. Mrs. Walton denied that Miss Carter had checked on this day any jewelry. Upon the conclusion of the defendant's case a motion to direct a verdict for the defendant was

made. The grounds were the same as those stated on the motion to nonsuit. This motion was denied and an exception taken. The case was submitted to the jury. To the charge of the learned trial judge no exceptions were taken by the defendant.

The grounds of appeal are based upon the refusal to nonsuit and to direct a verdict for the defendant. We think the trial court ruled properly in overruling the motions to nonsuit and direct a verdict. The testimony offered by Miss Carter and the defendant presented a well-defined issue of fact as to whether or not the plaintiff left with the defendant her jewelry for safe-keeping. Miss Carter testified that she delivered her jewelry at the usual place to an employe of the defendant. This employe denied that on this day Miss Carter delivered any jewelry for safe-keeping while she was bathing. This was an issue of fact which could only be decided by the jury. It was not a question for the determination of the court. If Miss Carter did deliver the jewelry to the defendant for safe-keeping, this constituted a bailment, and the relationship between the parties was that of bailor and bailee. It then became the duty of the defendant as bailee to use ordinary care in safe-keeping Miss Carter's jewelry, for the defendant was paid for this service in the consideration paid for the bath house. This presented another question of fact for the determination of the jury, namely, did the defendant use ordinary care in the discharge of its duty towards the plaintiff. With these questions of fact raised by the evidence, the trial judge would not have been justified in either entering a nonsuit or directing a verdict. The defendant argues that where a *prima facie* case of bailment is made out by the delivery of property to another for safe-keeping, the burden of proof in an action against the bailee then shifts to the defendant, and the defendant, in order to be relieved from liability, must introduce evidence that ordinary care was used. When such evidence is introduced the burden of proof again shifts and falls upon the plaintiff, the bailor, who must maintain his (or her) case that ordinary care was not used, by a preponder-

ance of the evidence. In the present case the defendant contends that it met this burden by the evidence offered, that during four years no losses of articles left with it for safe-keeping had occurred. The defendant further contends that the plaintiff failed to meet the burden thus recast upon her of showing lack of ordinary care, so that the motion for a direction of a verdict should have prevailed. This argument is unsound. The burden was upon the plaintiff to show, by a preponderance of the evidence, want of ordinary care on the part of the defendant in the safe-keeping of her jewelry. The burden of proof did not shift. It remained upon the plaintiff during the entire trial. By showing that she had deposited her jewelry with the defendant according to the method prescribed by the defendant, and that it had not been returned to her, Miss Carter proved such facts, if believed by the jury, that the absence of ordinary care in the safe-keeping of her property could be inferred. The defendant offered no explanation as to the loss. The fact that others, for a period of four years, had had the property entrusted by them to the defendant returned, constitutes no defense in an action by one whose property has not been returned after delivery for safe-keeping. Each case of this character must rest upon the special circumstances surrounding it. Frequently, a trusted employe will never for years make a mistake. Then some day he will fail to perform some duty, or will do some act which occasions a loss. The years of faithful service are no answer or defense to the act of omission or commission. The employer must respond in damages to the one who has suffered loss through his employer's negligence. In refusing to countenance this contention as a ground for directing a verdict, the trial judge ruled correctly.

The appellant advanced, as a ground for granting the motions referred to, that no recovery could be had, because the bailment in question was made on Sunday, and a contract made on Sunday is void under section 1 of the "Act for the suppression of vice and immorality." *Comp. Stat., p.* 5712. The bailment in question was not the contract. It was merely an incident of the contract of the hiring of the bath house,

which was for the month commencing July 15th, 1922, and ending August 15th, 1922. The contract was not made on Sunday. The defendant was not absolved, because it was Sunday, from exercising the same degree of care in safeguarding the plaintiff's jewelry, as on a secular day of the week. Bailees are obliged to use the same degree of care on all days of the week. If the law was otherwise, the property of no person left with another for safe-keeping would be safe on Sunday. A bailee could escape responsibility for the most flagrant disregard of the bailor's rights. This contention is wholly without merit.

There were other grounds stated at the time of making the motions mentioned and set forth in the grounds of appeal. These are not argued upon the appellant's brief, so will be considered abandoned.

Upon a review of the whole case, we feel that the issues presented by the pleadings and testimony were properly submitted to the jury, and that there was no error in the rulings of the trial court.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 16.

*For reversal*—None.